IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY COBINE, NANETTE DEAN, CHRISTINA RUBLE, LLOYD PARKER, GERRIANNE SCHULZE, SARAH HOOD, AARON KANGAS, LYNETTE VERA, AUBREY SHORT, MARIE ANNTONETTE KINDER, and JOHN TRAVIS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EUREKA, EUREKA POLICE DEPARTMENT, and ANDREW MILLS, in his official capacity as Chief of Police,<br><br>Defendants.<br>_____/ | No. C 16-02239 JSW<br><br><br>**NOTICE OF QUESTIONS RE MOTION FOR TEMPORARY RESTRAINING ORDER** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 29, 2016 AT 2:00 P.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local

Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 40 minutes each to address the following questions:

1. Do Plaintiffs make only an as-applied challenge to the Eureka Municipal Code and not a facial challenge?

2. Based on the recent ruling in *Acosta v. City of Salinas*, 2016 WL 1446781 (N.D. Cal. April 13, 2016), do Plaintiffs maintain that the Notice to Vacate provides insufficient procedural safeguards or insufficient notice to abrogate Plaintiffs' procedural due process rights?

3. Plaintiffs contend that the number of unsheltered homeless individuals in the City of Eureka outnumber the number of available shelter beds and other temporary housing units in the area roughly by a factor of three to one. (*See, e.g.*, Declaration of Paul Boden at ¶¶ 7, 11, 12; Declaration of Dr. Barry Zevin at ¶ 18.) Defendants represent that there are sufficient shelters and temporary housing options to house the current members of the Palco Marsh community. (*See* Declaration of Cyndy Day-Wilson at ¶ 22 (citing adoption but not effectuation of City Resolution to increase available beds to account for Palso Marsh residents).) The Court notes that the 2015 Point-in-Time Count found that of the 1,319 homeless individuals surveyed, 844 of them, or 64.3% were unsheltered, but it is not clear if that was by choice or by necessity. (Request for Judicial Notice, Ex. L.)

    a. The Court requests precise citations to the record for the number of actual homeless individuals in the Palo Marsh area currently requiring shelter and the number of currently available shelter beds and other temporary housing units in the area.
    b. If the parties continue to dispute this question, is the resolution of the issue more appropriately handled on a full record? Can Eureka delay for several weeks until the factual issue is fully briefed and presented to the Court?

4. Plaintiffs also contend that there are restrictions on certain shelters that some homeless individuals are unable to meet, thereby preventing them from obtaining shelter space even when the beds may remain unoccupied. Where specifically in the record is there evidence of this contention?

5. On the issue of timing for the project, will Eureka be harmed by a delay of several weeks for enforcement of the Notice to Vacate? Could the parties agree to a hearing on the full evidentiary record on May 27, 2016 at 9:00 a.m.?

6. What is Eureka's position on the applicability of the Uniform Relocation Assistance Act?

7. Should the Court grant the restraining order, do Defendants contend a bond is necessary?

8. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 28, 2016

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE